**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE

VICTOR COLLAZZO, :
: Civil Action No. 15-2838(SRC)
      Plaintiff, :
:
v. : **OPINION**
:
:
JESSICA GUARDUCCI, :
:
      Defendant. :
:

**CHESLER**, District Judge:

    Plaintiff Victor Collazzo, a pretrial detainee confined at Essex County Jail, in Newark, New Jersey, brought this action in forma pauperis, pursuant to 42 U.S.C. § 1983. (ECF No. 2.) At this time, the Court must review the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

**I. BACKGROUND**

    Plaintiff alleged in his Complaint that the prosecutor of his ongoing state criminal case misled the grand jury into believing the victim was shot, when there was no such evidence.

1

(Compl. ¶6.) Plaintiff seeks release from detention and monetary damages for the time he has been held in detention. (Id. ¶7.)

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, prisoner civil actions that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). A court must liberally construe a document filed pro se. Erickson v. Pardus, 551 U.S. 89. 94 (2007)(citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The Court must also "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must plead facts sufficient at least to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n. 12 (3d Cir. 2004)(where defendant's mental state was element of the claim,

Plaintiff had to allege some facts supporting the defendant's mental state). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002)(dismissal pursuant to 28 U.S.C. § 1915(e)(2)).

### III. SECTION 1983 ACTIONS

42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48

(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV. ANALYSIS

### A. Younger Abstention

Plaintiff seeks release from pretrial detention on the basis of prosecutorial misconduct. A federal court must abstain from addressing requests for injunctive relief against state court proceedings if the constitutional issues involved may be addressed adequately in the course of the state proceedings. See Younger v. Harris, 401 U.S. 37 (1971)(addressing abstention from state criminal proceedings where only injury to plaintiff was "solely that 'incidental to every criminal proceeding brought lawfully and in good faith'")(quoting Douglas v. City of Jeannette, 319 U.S. 157, 164 (1943)); see Wallace v. Fegan, 455 F. App'x 137, 140 (3d Cir. 2011)(per curiam)("the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions")(quoting Younger, 401 U.S. at 45; see State of New Jersey v. Chesimard, 555 F.2d 63, 66 (3d Cir. 1977)("we do not believe that a State's judicial system would be fairly accorded the opportunity to resolve federal issues arising in its courts if a federal district court were permitted to substitute itself for the State appellate courts." (quoting Huffman v. Pursue, Ltd., 420 U.S. 592, 609 (1975)). Therefore, this Court will

4

refrain from addressing Plaintiff's request for injunctive relief for release from state pretrial detention because he can pursue his objections to the prosecutor's actions in his state criminal proceeding.

**B.   Absolute Immunity**

A prosecutor has absolute immunity from suit for damages under § 1983 for "initiating a prosecution and in presenting the State's case." Imbler v. Pachtman, 424 U.S. 409, 430 (1976); See Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)(finding absolute prosecutorial immunity for "the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made.") Plaintiff's allegations against Defendant concern her presentation of the evidence to the grand jury. This is precisely the type of activity that the Supreme Court has found entitled to absolute immunity. The Court will therefore dismiss the Complaint.

_____
STANLEY R. CHESLER
United States District Judge