**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | | |
|---|---|---|
| VICTOR COLLAZO, | : | |
| | : | Civil Action No. 15-2838(SRC) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| | : | |
| JESSICA GUARDUCCI, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**CHESLER**, United States District Judge

On April 20, 2015, Plaintiff filed a civil rights action under 42 U.S.C. § 1983, alleging the prosecutor in Plaintiff's state criminal proceedings violated his constitutional rights by submitting false testimony to a grand jury. (ECF No. 1.) On May 20, 2015, this Court dismissed the Complaint without prejudice, based on the prosecutor's absolute immunity. (ECF Nos. 5, 6.) This matter is now before the Court on Plaintiff's motion to amend the Complaint. (ECF No. 7.)

Leave to amend may be denied when amendment of the complaint is futile. Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997); Lorenz v. CSX Corp., 1 F.3d 1406, 1413-14 (3d Cir. 1993)). "Futility" means the amended complaint fails to state a claim upon which relief may be

1

granted. Id. (citations omitted). "In assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." Id.; see also Odd v. Malone, 538 F.3d 202, 207 (3d Cir. 2008) (holding that prosecutorial immunity is properly raised in a Rule 12(b)(6) motion to dismiss).

Plaintiff's proposed Amended Complaint does not add any viable claims against the sole defendant, the prosecutor in Plaintiff's ongoing state criminal proceeding. Plaintiff contends Defendant violated his constitutional rights by presenting false testimony to the grand jury, and by not presenting exonerating evidence to the grand jury. The proposed Amended Complaint alleges liability in Defendant's individual and official capacities. The official capacity claim is not cognizable under 42 U.S.C. § 1983 because the misconduct alleged involves the prosecutor's "classic law enforcement function" of conducting a criminal prosecution. See Estate of Lagano v. Bergen Cnty. Prosecutor's Office, 769 F.3d 850, 855 (3d Cir. 2014) ("When [New Jersey] county prosecutors engage in classic law enforcement and investigative functions, they act as officers of the State," and they are not "persons" who may be liable under 42 U.S.C. § 1983). Id. at 854-55 (quoting Coleman v. Kaye, 87 F.3d 1491, 1505 (3d Cir. 1996)).

Furthermore, Defendant has absolute prosecutorial immunity from the individual capacity claim because the alleged constitutional violations involved the prosecutor's presentation of evidence to the grand jury and failure to present exonerating evidence to the grand jury, conduct which is immune from suit for damages. See Imbler v. Pachtman, 424 U.S. 409, 430 (1970) ("in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983"); Michaels v. New Jersey, 222 F.3d 118, 121-22 (3d Cir. 2000) (quoting Buckley v. Fitzsimmons, 20 F.3d 789, 795 (7th Cir. 1994) ("Prosecutors are entitled to absolute immunity for actions as advocates before the grand jury and at trial even if they present unreliable or wholly fictitious proofs"); Moore v. Middlesex Cnty. Prosecutors Office, 503 F. App'x 108, 109-10 (3d Cir. 2012) (per curiam) (dismissal of complaint with prejudice based on absolute prosecutorial immunity was proper).

Therefore, in the accompanying Order filed herewith, the Court will deny Plaintiff's motion to amend the Complaint. Plaintiff has not cured the deficiency in his original Complaint by alleging any conduct for which the prosecutor is not protected by absolute prosecutorial immunity; because further amendment is futile, the Court will dismiss this action with prejudice.

Case 2:15-cv-02838-SRC Document 8 Filed 11/16/15 Page 4 of 4 PageID: 88

Dated: 11/16/15

STANLEY R. CHESLER
United States District Judge

4